9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael GRILLOT, Defendant-Appellant.
 No. 91-3048.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1993.*
Decided Oct. 15, 1993.
 
 Before BAUER and MANION, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 A jury found Michael Grillot guilty of conspiring to distribute cocaine and possession with intent to distribute cocaine in violation of 18 U.S.C. Secs. 841 and 846. Grillot's motion for a new trial claiming, inter alia, that the government failed to disclose favorable evidence as required under Brady v. Maryland, 373 U.S. 83 (1963), was denied by the district court. We affirm.
 
 
 2
 During the trial, the government substantially relied on the testimony of two co-conspirators, the Murphy brothers. For the most part, the Murphy brothers' testimony consisted of accounts of cocaine purchases from Grillot prior to his arrest in July 1986. However, they also testified that during his post-arrest incarceration, Grillot arranged for additional sales through his alleged partners, Todd and Charlie. It is this latter portion of the Murphy brothers' testimony that inspired Grillot's claim that the government failed to provide Brady material. Grillot contends that but for the government's failure to turn over relevant information, he would have successfully impeached the Murphy brothers by proving that they were in contact with Todd and Charlie prior to Grillot's incarceration. He argues that a successful attack on the Murphy brother's testimony, that Grillot continued to distribute cocaine from jail, would have established their lack of credibility in general. Further, because the conspiracy conviction was obtained largely on the basis of their testimony, the impeachment of the Murphy brothers would have resulted in a verdict in his favor.
 
 
 3
 The evidence allegedly withheld by the government included the last names of Todd and Charlie, Grillot's personal notebook containing the telephone number of someone named Todd, and the fact that the Murphy brothers had telephoned Todd and Charlie prior to Grillot's incarceration, as evidenced by the presence of Todd and Charlie's unidentified phone numbers in telephone toll records introduced by the government.[1]
 
 
 4
 In Brady v. State of Maryland, 373 U.S. 85 (1963), the Supreme Court held that the failure of the prosecution to disclose favorable evidence in its possession, where the evidence is material to guilt or punishment, violates due process. Id. at 87. Impeachment evidence falls within the Brady rule. United States v. Bagley, 473 U.S. 675, 682 (1985). However, before a successful claim can be made under Brady, it must be established that the evidence was suppressed by the government, favorable to the defense, and material to the outcome. United States v. Driver, 798 F.2d 248 (7th Cir.1986). Because we conclude that the allegedly suppressed evidence was not material to the outcome, we will not review the district court's conclusion that the government met its duty of disclosure.
 
 
 5
 Suppressed evidence is material when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. Bagley, 473 U.S. at 682; United States v. Rossy, 953 F.2d 321 (7th Cir.), cert. denied, 112 S.Ct. 1240 (1992). Applying the reasonable probability standard to this case, we find it doubtful that the outcome of the proceeding would have been different.
 
 
 6
 First, it is unlikely that the jury would have discredited the Murphys' testimony in its entirety. During cross examination, defense counsel attempted to impeach the Murphys through the use of prior inconsistent statements and prior omissions.[2] In addition, the Murphys' plea agreements were offered to show bias. Thus, the jury was provided with sufficient evidence from which it could have concluded that the Murphy brothers lacked credibility. Even if Grillot was able to prove that, contrary to their testimony, the Murphy brothers had prior direct dealings with Todd and Charlie exclusive of Grillot, that fact does not necessarily prove that their testimony concerning independent transactions with Grillot was not credible.
 
 
 7
 Furthermore, there was sufficient evidence from which Grillot's conviction could have been obtained without the testimony of the Murphy brothers. In addition to their testimony, the government introduced the testimony of several law enforcement officers concerning the execution of a search warrant which resulted in the seizure of cocaine and evidence associated with drug dealing. The government also introduced an incriminating statement made by Grillot upon his arrest. Finally, the toll records of the Murphys and Grillot as well as his notebook was offered to establish the connection between them.
 
 
 8
 For the foregoing reasons, we conclude that there is no reasonable probability that the outcome of Grillot's trial would have been different and AFFIRM the district court's denial of Grillot's motion for a new trial.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The government introduced the telephone toll records of the Murphy brothers to establish the conspiracy between them and Grillot
 
 
 [2]
 The omissions used to impeach the Murphys dealt specifically with their failure to mention the names of Todd or Charlie in their grand jury testimony or affidavits signed by them